UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LINDENSMITH,

        Plaintiff,                           Case No. 16-cv-11230
                                                      Hon. Mark A. Goldsmith

vs.

RONALD WEBB, et al.,

        Defendants.
_____/

**OPINION & ORDER ACCEPTING THE REPORT & RECOMMENDATION DATED APRIL 29, 2016 (Dkt. 9), OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 10), DENYING THE PENDING MOTION TO DISIMSS (Dkt. 11) AS MOOT, AND DISMISSING THE CASE WITH PREJUDICE**

      This action is brought by a pro se plaintiff, whose application to proceed without prepaying fees or costs was granted (Dkt. 3). On April 29, 2016, Magistrate Judge Anthony P. Patti issued a Report & Recommendation ("R&R"), which recommended that this Court dismiss Plaintiff's complaint sua sponte under 28 U.S.C. § 1915(e) because the action is frivolous, malicious, or fails to state a claim upon which relief may be granted (Dkt. 9). Plaintiff timely filed objections to the R&R (Dkt. 10). For the reasons stated below, the Court accepts the recommendation contained in the April 29, 2016 R&R, overrules Plaintiff's objections to the R&R, denies Defendant Plummer's pending motion to dismiss (Dkt. 11) as moot, and dismisses the case with prejudice.

      The facts and procedural history of this case are adequately set forth in the Magistrate Judge's April 29, 2016 R&R and need not be repeated here. In essence, Plaintiff, an inmate at the Parnall Correctional Facility in Jackson, Michigan, brought this action under 42 U.S.C. § 1985

1

against two fellow inmates (Dkt. 1).[1]  He charges Defendants with actively depriving him of his First Amendment right to the free exercise of his religion.  Plaintiff does not allege any wrongful conduct on the part of the Michigan Department of Corrections ("MDOC").[2]

Section 1985 provides redress to a plaintiff who is a victim of a conspiracy to violate his civil rights.  See generally 42 U.S.C. § 1985; see also Griffin v. Breckenridge, 403 U.S. 88, 101 (1971).  "[T]he Supreme Court has consistently held that claims under § 1985(3), unlike those under 42 U.S.C. § 1983, need not allege that the deprivation occurred at the hands of the state." Volunteer Med. Clinic, Inc. v. Operation Rescue, 948 F.2d 218, 225 (6th Cir. 1991) (citing Griffin, 403 U.S. at 99).  It is not immediately fatal to Plaintiff's claim, therefore, that he brings this action against his fellow inmates without alleging any state action.

However, the absence of alleged state action is fatal to a § 1985 claim that is founded upon a First Amendment violation.  Section 1985(3) claims are not free-standing; the alleged conspiracy must have been directed at established, "otherwise existing rights."  Id. at 226.  "[W]here a conspiracy is alleged to violate a right that is by definition a right only against state interference, such as the rights secured under the First and Fourteenth Amendments, the complainant must first

---

[1] The R&R interprets Plaintiff's complaint as being brought under both 42 U.S.C. §§ 1983 and 1985(3).  R&R at 2.  The R&R recommends that, to the extent the complaint is brought under § 1983, it should be dismissed because a viable claim brought under that statute requires an allegation that the deprivation of Plaintiff's rights was caused by a person acting under color of state law.  See R&R at 5-6.

Plaintiff's objections clarify that his complaint is founded solely upon § 1985; as a matter of convenience, his complaint used the form paperwork that was available to him, which happened to contain some pre-printed language concerning § 1983.  Pl. Objs. at 1-2.  Plaintiff disavows a § 1983 claim and urges this Court not to analyze his claims under that theory.  Id. at 2.  This Court will oblige; Plaintiff's complaint and objections to the R&R will be analyzed under § 1985 only.

[2] The complaint's only reference to the MDOC is that it restricts the practice of one's religion to one's cell.  Compl. at 8 (cm/ecf page).  Plaintiff does not begrudge MDOC its policy, and, more importantly, MDOC is not named as a defendant.

show 'that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State.'" Id. (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 830 (1983)) (emphasis added).

The R&R properly recognizes that the "otherwise existing right" that Plaintiff asserts — his right to the free exercise of his religion — can only be asserted against governmental interference. Id. Stated differently, private parties, such as Defendants in this case, cannot violate a person's First Amendment rights if they are not acting under color of law. See Scott, 463 U.S. at 833 ("Because [the First] Amendment restrains only official conduct, to make out their § 1985(3) case, it was necessary for respondents to prove that the State was somehow involved in or affected by the conspiracy.").

Defendant's objections claim that "the Magistrate quotes [Griffin v. Breckenridge] for the proposition that § 1985(3) does not vindicate the violation of First Amendment rights." Pl. Objs. at 3. But Plaintiff's recitation of the R&R is inaccurate. Rather than claiming that § 1985 cannot vindicate one's First Amendment rights — which would, indeed, be a misstatement of the law — the R&R explains that "an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the State is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the State." R&R at 8 (quoting Scott, 463 U.S. at 830) (emphasis added). This qualification explains that § 1985 does vindicate the violation of First Amendment rights. Plaintiff's problem, however, is that he makes no plausible claim that his First Amendment rights were violated; he makes no allegation of State involvement in the conspiracy or that the aim of the conspiracy was to influence activity of the State. His claim, therefore, fails to state a claim on which relief can be granted, which warrants sua sponte dismissal under 28 U.S.C. § 1915(e).

For the reasons set forth above, the Court accepts the Magistrate Judge's recommendation dated April 29, 2016 (Dkt. 9); overrules Plaintiff's objections thereto (Dkt. 10); denies the pending motion to dismiss (Dkt. 11) as moot; and dismisses Plaintiff's claim with prejudice. See, e.g., Umbarger v. Correctional Med. Servs., 93 F. App'x 734, 735-736 (6th Cir. 2004) (affirming district court's dismissal, with prejudice, for failure to state a claim under § 1915(e)).

SO ORDERED.

Dated:  July 12, 2016                              s/Mark A. Goldsmith
Detroit, Michigan                                    MARK A. GOLDSMITH
                                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2016.

                                                     s/Karri Sandusky
                                                     Case Manager